**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**George J. ARGIE, Defendant–Appellant.**

**No. 89–4046.**

United States Court of Appeals,
Sixth Circuit.

Argued June 4, 1990.

Decided July 12, 1990.

Joseph R. Wilson, Office of the U.S. Atty., Toledo, Ohio, Allan V. Levenberg (argued), Roberta L. Woodrick, U.S. Dept. of Justice, Criminal Div., Strike Force, Cleveland, Ohio, for plaintiff-appellee.

Gerald A. Messerman, Messerman & Messerman, Cleveland, Ohio, George J. Argie (argued), Mayfield Village, Ohio, for defendant-appellant.

Before KRUPANSKY and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.

KRUPANSKY, Circuit Judge.

Defendant-appellant, George J. Argie (Argie), appeals the entry of an order of forfeiture following his plea of guilty to, among other charges, one count of participation in a racketeering enterprise in violation of 18 U.S.C. § 1962 (RICO). Among the predicate acts to which Argie pleaded guilty in connection with the RICO count was the collection of an alleged unlawful $50,000, personal loan to Ed Stinn, the owner of Ed Stinn Chevrolet, Inc. bearing interest at the rate of 104% per annum, which is usurious under Ohio law.

Stinn became delinquent in his payments under the loan agreement, and in 1984 he agreed to discharge the balance of his obligation by offering Argie leases on two automobiles owned by Ed Stinn Chevrolet, Inc. Argie consented to this arrangement, and on July 23, 1984, Stinn delivered to Argie a Cadillac Biarritz automobile with a total four year lease value of $37,649.76 computed at $784.37 per month. The four year lease on the Cadillac expired in July, 1988. Stinn also delivered to Argie a Chevrolet Caprice Classic on March 11, 1986, which had a monthly lease value of $304.70. The Caprice lease was also for four years with an expiration date of March 10, 1990, and was valued at $14,-625.60. Accordingly, Stinn was to amortize his loan with the two automobile leases, which had an aggregate value of $52,-275.36. Argie accepted the leased vehicles in full satisfaction of Stinn's debt.

RICO provides that the "any property constituting ... or derived from ... racketeering activity or unlawful debt collection" is forfeitable to the United States as a criminal penalty upon conviction of a racketeering offense. 18 U.S.C. § 1963(a)(3). Following the entry of Argie's guilty plea, the district court conducted an evidentiary hearing to determine the forfeitability of the value of the automobile leases, reasoning that the leases were "property constituting or derived from" the collection of the unlawful loan. Argie attempted at this hearing to demonstrate that the leases were not forfeitable because, among other reasons, the loan in question had been extended to Ed Stinn Chevrolet, Inc., and not to Ed Stinn in his individual capacity. Under Ohio law, an otherwise usurious loan is not unlawful if made to a corporation. At the conclusion of the evidentiary hearing, the district court determined that the $50,-000 loan had been extended to Ed Stinn,

personally, and not to Ed Stinn Chevrolet, Inc., and that the loan was unlawful and the proceeds therefrom were forfeitable under section 1963. Argie argued on appeal that this finding was not supported by sufficient evidence. This court concludes upon a review of the record that the district court's disposition of this factual question was not clearly erroneous.

■ The district court, having determined that the loan had been extended to Stinn as an individual, decided that the *entire* value of the automobile leases was subject to forfeiture. Argie argued on appeal that the monetary value of the leases was not forfeitable, but only the vehicles themselves were subject to forfeiture. The argument is without merit because RICO forfeiture is in the nature of an *in personam* "sanction against the individual rather than a judgment against the property itself." *United States v. Ginsburg*, 773 F.2d 798, 801 (7th Cir.1985) (en banc), *cert. denied*, 475 U.S. 1011, 106 S.Ct. 1186, 89 L.Ed.2d 302 (1986).

■ Argie asserts the more compelling alternative argument that the pecuniary value of the lease on the Caprice was not, contrary to the district court's disposition, forfeitable in its entirety because the lease agreement on that automobile had not expired at the time of his conviction. *See Ginsburg*, 773 F.2d at 801 ("government's interest in property subject to criminal forfeiture does not attach until defendant is convicted of the crime for which forfeiture is imposed"). The logic of this argument flows from the observation that Argie could not have been expected to forfeit that which he had yet to obtain. "[RICO forfeiture] deprives the defendant of all of the profits or proceeds *that he has acquired* through racketeering activity...." *Id.* (emphasis added). As the statute provides, forfeiture targets "property constituting, or derived from, proceeds which the person *obtained* ... from racketeering activity...." 18 U.S.C. § 1963(a)(3) (emphasis added).

Final judgment, including the order of forfeiture, was entered by the district court on October 26, 1989; by its terms, the agreement under which the Caprice was leased was not to expire until March 10, 1990. This was in distinction with the Cadillac lease, which had expired prior to the forfeiture order, in July of 1988. Therefore, while Argie had derived a full four years of benefit from the Cadillac lease, he essentially received no forfeitable benefit from the final four months and twelve days of the lease of the Chevrolet Caprice (October 26, 1989 through its expiration on March 10, 1990). As alleged in the indictment, this lease was "worth" $304.70 a month; over a four month and twelve day period (4.4 months) this amounted to $1,340.80. Hence, the district court's order of forfeiture must be reduced by that amount, from $52,275.36 to $50,934.56, so as to reflect that part of the benefit derived from the Caprice lease that had not accrued to Argie by the time of his conviction.

The district court's conclusion that the value of the two leases is forfeitable is AFFIRMED to the extent that it ordered forfeiture of the entire value of the Cadillac lease and the value of the expired part of the Caprice lease. Accordingly, the amount of the property which the government may forfeit is reduced by $1,340.80 to a total of $50,934.56.